UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KARINA HERNANDEZ, | ) | 1:07-cv-00379-LJO-SMS-PC |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER |
| vs. | ) | |
| FRESNO COUNTY JAIL, et al., | ) | (DOCUMENT #3) |
| Defendants. | ) | |

Plaintiff Karina Hernandez ("plaintiff") is proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On April 10, 2007, the court issued an order for plaintiff to submit an application to proceed in forma pauperis or pay the $350.00 filing fee for this action, within thirty days of the date of service of the order (Doc. 3). More than thirty days have passed and plaintiff has not complied with or otherwise responded to the court's order. In addition, on July 12, 2007, plaintiff submitted a letter written in Spanish (Doc. 4). On August 9, 2007, the court issued an order disregarding the letter, returning a copy of the letter to plaintiff, and ordering her to resubmit her letter in English (Doc. 5). More than twenty days have passed and plaintiff has not complied with or otherwise responded to the court's order.[1]

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and

---

[1] The United States Postal Service returned the order on August 17, 2007 as undeliverable. (Doc. 6.) A notation on the envelope indicates that plaintiff is no longer in custody at the Fresno County Jail. However, plaintiff has not notified the court of any change in her address. Absent such notice, service at a party's prior address is fully effective. Local Rule 83-182(f).

all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since March 8, 2007. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The court's order requiring plaintiff to submit an application to proceed in forma pauperis

1  expressly stated: "Failure to comply with this order will result in a recommendation that this action
2  be dismissed." Thus, plaintiff had adequate warning that dismissal would result from her
3  noncompliance with the court's order.
4        Accordingly, the court HEREBY RECOMMENDS that this action be dismissed
5  based on plaintiff's failure to obey the court's order of April 10, 2007.
6        These Findings and Recommendations are submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty
8  (20) days after being served with these Findings and Recommendations, plaintiff may file written
9  objections with the court. Such a document should be captioned "Objections to Magistrate Judge's
10 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
11 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
12 1153 (9th Cir. 1991).
13 IT IS SO ORDERED.
14 **Dated:   November 21, 2007**               **/s/ Sandra M. Snyder**
                                               UNITED STATES MAGISTRATE JUDGE
15
16
17
18
19
20
21
22
23
24
25
26
27
28