UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARINA HERNANDEZ,<br><br>      Plaintiff,<br><br>    vs.<br><br>FRESNO COUNTY JAIL, et al.,<br><br>      Defendants. | 1:07-cv-00379-LJO-SMS-PC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATION OF NOVEMBER 26, 2007 (DOCUMENT #7)<br><br>ORDER DENYING REQUEST FOR CERTIFIED MAIL SERVICE<br><br>ORDER DENYING REQUEST FOR CHANGE OF ADDRESS<br><br>ORDER FOR PLAINTIFF TO SUBMIT APPLICATION TO PROCEED IN FORMA PAUPERIS **OR** PAY FILING FEE WITHIN THIRTY DAYS |

        Plaintiff Karina Hernandez ("plaintiff") is proceeding in propria persona in a civil rights action pursuant to 42 U.S.C. § 1983. On November 26, 2007, the court issued findings and a recommendation to dismiss plaintiff's case for failure to obey the court's order of April 10, 2007, which ordered plaintiff to submit an application to proceed in forma pauperis or pay the $350.00 filing fee for this action. On December 5, 2007, plaintiff filed objections to the findings and recommendation, alleging that she was unable to obey the court's order due to events out of her control. Good cause having been presented to the court, the findings and recommendation of November 26, 2007, shall be vacated, and plaintiff shall be granted another opportunity to submit an application to proceed in forma pauperis or pay the filing fee for this action.

        Plaintiff has requested that the court use certified mail service when sending her mail. It is not the usual practice of the court to use certified mail service when sending mail to parties.

Certified mail is used only under special circumstances, such as when the court is required to track the mail.  Plaintiff presumes that using certified mail is needed to assure she receives her mail and is able to respond back to the court.  However, according to plaintiff, her past failure to respond to the court's orders resulted from plaintiff's documents being misrouted within the jail <u>after</u> she received the court's mail, plaintiff's failure to notify the court when she was moved to Patton State Hospital, and plaintiff's inability to understand English.  Pursuant to Local Rule 83-183(b), if a party appearing <u>in propria persona</u> fails to advise the Court of his or her current address, the court may dismiss the action for failure to prosecute.  Plaintiff is advised that it is her responsibility to notify the court of any changes in her current mailing address.  The court does not find special circumstances warranting a need for the court to use certified mail service for correspondence to plaintiff in this action.  Therefore, plaintiff's request shall be denied.

Plaintiff also requested that the court use her aunt's address to serve documents on plaintiff. There is no Federal Rule of Civil Procedure or Local Rule concerning the service of court and other legal documentation at an address other than a pro se litigant's actual address.  There is no authority for the proposition that a pro se litigant can simply request the court to serve him or her at a different address. Although there may be certain special circumstances in which the court could serve a pro se litigant at a separate address, plaintiff's desire for her aunt to assist with her mail is not justification for service at a separate address.  Hundreds of pro se litigants who currently have cases pending before this court are similarly situated as plaintiff and thus, plaintiff's circumstances do not warrant service at a location other than the pro se litigant's place of incarceration.  Moreover, service at a location other than plaintiff's place of incarceration can pose significant problems with ensuring that plaintiff receives all court documentation, meets court deadlines and prepares and signs all of her own legal documentation as a party proceeding  <u>in propria persona</u>.  Therefore, plaintiff's request to be served at her aunt's address shall be denied.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The court's findings and recommendation of November 26, 2007, are VACATED in their entirety;
2. Plaintiff's request for certified mail service is DENIED;

       3.      Plaintiff's request to be served at her aunt's address is DENIED;

       4.      The Clerk is DIRECTED to send to plaintiff a form application to proceed in forma pauperis by a prisoner;

       5.      Within thirty days from the date of service of this order, plaintiff shall submit a completed application to proceed in forma pauperis, or in the alternative, pay the $350.00 filing fee for this action; and

       6.      Plaintiff is forewarned that her failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   December 12, 2007**　　　　　　　　　　/s/ **Sandra M. Snyder**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE