IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARINA HERNANDEZ, | 1:07-cv-00379-LJO-SMS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO OBEY TWO COURT ORDERS |
| vs. | (Docs. 9, 11) |
| FRESNO COUNTY JAIL, et al., | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| Defendants. | |
| _____/ | |

Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. §1983. On December 13, 2007, the court issued an order (Doc. 9) for Plaintiff to submit an application to proceed in forma pauperis or pay the filing fee for this action, within thirty (30) days. On December 21, 2007, the United States Postal Service returned the order as undeliverable. A notation on the envelope indicated that Plaintiff was out of custody.

On January 7, 2008, the court issued an order (Doc. 11) for plaintiff to notify the court of her current mailing address, within thirty (30) days, and also re-served the December 13, 2007 order (Doc. 9) on Plaintiff. Both orders were served on Plaintiff on January 7, 2008 at her two last-known addresses.[1] The thirty (30) day period has now expired, and plaintiff has not paid

---

[1] On January 11, 2008, the United States Postal Service returned the orders that had been served on plaintiff at her Fresno County Jail address, as undeliverable. A notation on the envelope indicates that plaintiff is out of custody. The orders served on plaintiff at her other last-known address were not returned to the court.

-1-

the filing fee, notified the court of her current address, submitted an application to proceed in forma pauperis, or otherwise responded to the court's orders.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of

1  dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal,
2  since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
3  action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public
4  policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor
5  of dismissal discussed herein.  Finally, a court's warning to a party that her failure to obey the
6  court's order will result in dismissal satisfies the "consideration of alternatives" requirement.
7  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The
8  court's order (Doc. 9) of December 13, 2007 expressly stated: "Plaintiff is forewarned that her
9  failure to comply with this order shall result in a recommendation that this action be dismissed."
10 The court's order (Doc. 11) of January 7, 2008 expressly stated: "Plaintiff is advised that her
11 failure to comply with this order shall result in a recommendation that this action be dismissed."
12 Thus, plaintiff had adequate warning that dismissal would result from her noncompliance with
13 the court's orders.

14         Accordingly, the court HEREBY RECOMMENDS that this action be dismissed
15 based on plaintiff's failure to obey the court's orders of December 13, 2007 and January 7, 2008.

16         These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
18 thirty days after being served with these findings and recommendations, plaintiff may file written
19 objections with the court.  Such a document should be captioned "Objections to Magistrate
20 Judge's Findings and Recommendations."  The parties are advised that failure to file objections
21 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
22 Ylst, 951 F.2d 1153 (9th Cir. 1991).
23 IT IS SO ORDERED.
24 **Dated:   February 29, 2008**           /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE
25
26